T.C. Memo. 2000-34


UNITED STATES TAX COURT


JOSEPH T. MCQUATTERS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16871-98.              Filed February 3, 2000.


Joseph T. McQuatters, pro se.

Edwina L. Charlemagne, for respondent.


MEMORANDUM OPINION


VASQUEZ, Judge:  Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1990 | $63,547 | $15,887 | $4,185 |
| 1991 | 65,221 | 16,305 | 3,749 |
| 1992 | 25,949 | 6,487 | 1,133 |
| 1993 | 22,724 | 5,681 | 952 |
| 1994 | 12,113 | 3,028 | 623 |
| 1995 | 10,065 | 2,516 | 550 |

After concessions,[1] the sole issue for our decision is whether we should grant respondent's motion to impose a penalty pursuant to section 6673.[2] We combine our findings of fact with our opinion.

Background

At the time the petition was filed, petitioner resided in Columbia, South Carolina.

Petitioner failed to file tax returns for 1990 through 1995. On July 30, 1998, respondent issued a notice of deficiency (the notice) for these years. The deficiency was principally attributable to unreported income from petitioner's sole proprietorship known as Interstate Safety. Respondent based his determination of gross receipts on State sales tax returns filed by petitioner and computed petitioner's cost of goods sold based on information obtained from petitioner's primary supplier.

---

[1] After the majority of the petition and the entire amended petition were stricken, see discussion infra, the only issue raised in the petition was whether petitioner had a capital gain of $6,971 in 1994. In his trial memorandum and at trial, respondent conceded that petitioner did not have any capital gains in 1994.

[2] All section references are to the Internal Revenue Code in effect for the taxable years in issue.

On October 19, 1998, petitioner filed a petition protesting the validity of the notice on numerous grounds, such as that the notice was addressed to "Dear Taxpayer", was fraudulent, and was not signed by hand or under penalties of perjury. Petitioner also argued, among other things, that (1) section 61 does not define taxable income; (2) he is not liable for the addition to tax under section 6651(a)(1) because he has not engaged in the collection of taxes on alcohol, tobacco, and/or firearms; and (3) he is not liable for the addition to tax under section 6654 because he had no knowledge that he qualified as a "person" subject to pay estimated taxes.

On December 4, 1998, respondent filed a motion to dismiss for failure to state a claim and to impose a penalty under section 6673 (the motion to dismiss). On December 8, 1998, in response to the motion to dismiss, this Court ordered petitioner to file an amended petition on or before January 8, 1999, setting forth with specificity each error petitioner alleged respondent made in the notice of deficiency and separate statements of every fact upon which petitioner based his assignment of each error. The Court calendared the motion to dismiss for a hearing on February 8, 1999.

On January 11, 1999, petitioner filed an amended petition. In the amended petition, petitioner accused this Court of acting prematurely in issuing the order on December 8, 1998, petitioner

"reiterate[d] and reaffirm[ed] each and every statement of Claim, Fact, Law, Case Law, and Regulation contained in the original PETITION," and he contended that his arguments and statements of fact/law were entitled to a presumption of correctness.

On February 10, 1999, a hearing was held on the motion to dismiss. Pursuant to the hearing and by an order dated February 18, 1999, this Court denied the motion to dismiss. The Court struck the amended petition in its entirety and struck all statements and allegations set forth in the petition except for paragraphs 1, 2, 3, and 19. The stricken portions contained tax-protester rhetoric. Taking into account the nonstricken portions of the petition, only one issue remained--whether petitioner had any long-term capital gains in 1994.

At the hearing, petitioner was warned that if he continued at trial to advance tax-protester arguments this Court would impose a penalty under section 6673 for a sum substantially higher than the $1,000 penalty we awarded against petitioner in McQuatters v. Commissioner, T.C. Memo. 1998-88 (McQuatters I).[3]

On May 11, 1999, and June 3, 1999, respectively, petitioner served a request for admissions and written interrogatories on respondent. Petitioner's requests related to his arguments that

---

[3] Petitioner was before this Court with regard to his 1988 taxable year in McQuatters I. In McQuatters I, petitioner asserted typical tax-protester arguments, and this Court penalized him $1,000 pursuant to sec. 6673.

were already stricken from the petition and the amended petition. Respondent filed motions for a protective order, and this Court granted the motions on June 16, 1999.

On December 6, 1999, respondent filed his trial memorandum wherein respondent conceded that petitioner had no capital gains in 1994. Respondent based his concession on information received pursuant to a subpoena duces tecum establishing petitioner's basis in the property sold.

Although there were no remaining issues in the case, petitioner refused to sign a decision document. On December 6, 1999, at the calendar call of this case, petitioner failed to make an appearance. Respondent filed a motion for entry of decision and a motion to impose a penalty under section 6673.

Discussion

After the amended petition in its entirety and the majority of the petition were stricken, the only issue remaining was whether petitioner had a long-term capital gain of $6,971 in 1994. In his trial memorandum and at the calendar call, respondent conceded that issue. Accordingly, we shall grant respondent's motion for entry of decision.

Pursuant to section 6673, this Court may impose a penalty not in excess of $25,000 whenever it appears to the Court that the taxpayer has instituted or maintained the proceedings primarily for delay or the taxpayer's position in such

proceedings are frivolous or groundless.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

The petition and amended petition contained shopworn tax-protester rhetoric that has been universally rejected by this and other Courts.  After the majority of the petition and the entire amended petition were stricken, petitioner served requests for admissions and interrogatories on respondent relating to the tax-protester arguments contained in the stricken portions. Petitioner also refused to sign a decision document even though there were no longer any issues in the case and did not make an appearance at the calendar call to explain his refusal to sign the decision documents.

In McQuatters I, petitioner made frivolous tax-protester arguments akin to those advanced in the petition and amended petition in the instant case, and this Court penalized petitioner $1,000 pursuant to section 6673.  At the hearing on the motion to dismiss, petitioner was warned that if he continued to advance these arguments and further delay the resolution of this case he would be penalized again.  Petitioner has failed to heed our warnings.  Accordingly, we shall grant respondent's motion and impose a penalty of $5,000 pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.